FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 APR 28 PM 12: 17

CLERK C Adkins
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LEON D. MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-043 |
| | ) | |
| HILTON HALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leon D. Murphy filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** (doc. no. 2), that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

According to Petitioner, on March 21, 2001, he was found guilty in the Superior Court of Richmond County, Georgia, of malice murder, felony murder, and possession of a firearm during the commission of a crime. (Doc. no. 1, p. 1). Petitioner reports that following his conviction, he was sentenced to a term of life imprisonment, "plus 5 years." (Id.). Petitioner filed a motion for new trial, which was denied on April 2, 2001. (Id. at 1-2). Petitioner then appealed his conviction to the Georgia Supreme Court, which was affirmed on June 6, 2005. (Id. at 2); see also Murphy v. State, 614 S.E.2d 53, 56 (2005). Petitioner did not seek *certiorari* review from the United States Supreme Court.

In 2007, Petitioner filed a petition for a writ of habeas corpus in the Tattnall County Superior Court.[2] (Doc. no. 1, p. 2). In his state petition, he made several claims of error, including ineffective assistance of counsel, insufficiency of the evidence, and various errors by the trial judge regarding an evidentiary ruling and a jury instruction. (Id.). The state habeas court held an evidentiary hearing, and Petitioner was denied relief on November 28, 2007. (Id. at 2-3). The Georgia Supreme Court denied Petitioner's certificate of probable cause to appeal the state habeas court's ruling on March 10, 2009. (Id. at 3).

Petitioner executed the instant petition for a federal writ of habeas corpus on March 16, 2009, and filed it in the Northern District of Georgia, raising claims of ineffective assistance of counsel, denial of equal protection and due process, and insufficiency of the evidence. (Id. at 5-8). Because Petitioner challenges his conviction in the Superior Court of Richmond

---

[2]Though Petitioner does not provide the exact date on which the state petition was filed, he does disclose the case number, 2007-HC-42, from which the Court is able to determine that the petition was filed sometime in 2007. (Doc. no. 1, p. 2).

County, his petition was transferred from the Northern District of Georgia to this District. (See doc. no. 3).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Supreme Court affirmed Petitioner's convictions on June 5, 2005.

Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, his conviction became "final" when the ninety day time period for filing a petition for a writ of certiorari expired. See Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004). In the instant case, the AEDPA statute of limitations began to run ninety days following the date the Georgia Supreme Court affirmed Petitioner's convictions in June 2005. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in September 2005.

### B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from September 2005, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition sometime in 2007,[3] the one-year statute of limitations for filing a federal petition had expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to

---

[3]As noted above, the Court is able to determine from the case number Petitioner provides that the state habeas petition was filed sometime in 2007. Under the circumstances presented here, the exact date of filing is irrelevant. Indeed, whether Petitioner filed his state habeas petition on January 1, 2007, immediately prior to the state habeas court's decision in late November 2007, or anytime in between, there would be no time period left to be tolled under any scenario.

4

be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(D). Here, Petitioner fails to argue, and there is nothing in the record to suggest, that any of these other three situations applies to his case. Accordingly, these provisions do not provide any other valid statutory ground for extending the one-year statute of limitations.

### C. Equitable Tolling and Claims of Actual Innocence

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035,

5

1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances, let alone extraordinary circumstances and due diligence on his part, entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. Moreover, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and should be dismissed as untimely.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** (doc. no. 2), that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of April, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE