IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LEON D. MURPHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 109-043 |
| | ) |
| HILTON HALL, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended that the instant petition be dismissed as untimely, as Petitioner failed to file his federal petition within the statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. no. 6, pp. 3-5). The Magistrate Judge also found that Petitioner had not shown that he was entitled to equitable tolling of the statute of limitations. (Id. at 5-6).

Petitioner's only objection is that he is entitled to equitable tolling. The stringent standard that must be met for Petitioner to be entitled to equitable tolling was set forth fully in the Magistrate Judge's Report and Recommendation. (Id. at 5-6). Stated briefly, Petitioner must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In addition, he will not prevail based upon a showing of either extraordinary circumstances or diligence alone; he must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19). Here, Petitioner contends in his objections that his mental illness qualifies as an extraordinary circumstance that prevented timely filing and that he has diligently pursued his rights. (Doc. no. 8, p. 2).

The Court recognizes that mental incapacity has been recognized as a "possible basis" for equitably tolling the statute of limitations, if the mental incapacity contributed to the untimely filing. Michaud v. Crosby, No. 8:03-CV-2657-T-23TGW, 2006 WL 845162 at *1-2 (M.D. Fla. Mar. 30, 2006); see also Lawrence, 549 U.S. at 337 ("[Petitioner] has made no factual showing of mental incapacity . . . [and] has fallen short of showing 'extraordinary circumstances' necessary to support equitable tolling."). Here, Petitioner has provided documentation showing that he has been diagnosed with schizoaffective disorder. (Doc. no. 8, p. 7). However, the Court is not persuaded that his mental illness was the cause of his untimely filing. Indeed, Petitioner's diagnosis in 2004 predates his filings in state court, yet he still managed to discern how to proceed through the state system. Moreover, it is difficult to see how Petitioner's mental illness did not affect his ability to present substantive arguments to this Court, yet somehow affected his ability to timely file his federal habeas petition. Thus, the Court finds that Petitioner's mental incapacity does not qualify as an extraordinary circumstance entitling him to equitable tolling.

Furthermore, Petitioner has not established that he acted with due diligence, as he has provided no details of his efforts to obtain relief, except to state that he has been "diligent in filing petitions in state and federal court." (Id. at 2). Such vague and conclusory allegations,

without any supporting details, are insufficient to meet the stringent standard necessary to show that Petitioner has diligently pursued his rights. As noted above, Petitioner must establish both extraordinary circumstances and due diligence to demonstrate that he is entitled to equitable tolling. Thus, even if the Court were to conclude that his mental incapacity was an extraordinary circumstance that contributed to his untimely filing, Petitioner has failed to establish due diligence. Accordingly, Petitioner's objection that he is entitled to equitable tolling is without merit and is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is **DENIED** (doc. no. 2), this § 2254 petition is **DISMISSED** as untimely, and this civil action is **CLOSED**.

SO ORDERED this 4th day of June, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE